**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

CURTIS ALLISON,

  Defendant-Appellant.

No. 13-3131

(D. of Kan.)

(D.C. No. 2:05-CR-20112-JWL-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Curtis Allison, a federal prisoner serving a ten-year sentence, appeals from the district court's denial of a Federal Rule of Criminal Procedure 36 motion to correct a clerical error in his judgment and sentence. We have jurisdiction under 28 U.S.C. § 1291 and we construe Allison's filings liberally because he is

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We affirm the district court's decision.

After Allison pleaded guilty to child pornography charges in January 2006, a probation officer prepared a presentence report (PSR) in anticipation of sentencing. The PSR recommended several special conditions of supervised release, including that Allison participate in a substance abuse program. Such a program, said the PSR, "may include drug/alcohol testing, counseling and *inpatient treatment*." R., Vol. 2 at 16 (emphasis added).[1]

Allison's attorney received and reviewed the PSR and had no objections. At Allison's sentencing hearing in April 2006, the district court inquired, "Mr. Allison, let me confirm with you that [your attorney] has reviewed [the PSR] with you; is that correct?" Allison answered, "Yes." Supp. R. at 2.

After hearing arguments from counsel about the precise sentence Allison should receive, the district judge announced a sentence of 121 months' imprisonment and three years of supervised release. The district judge further stated, "I intend to impose each of the mandatory and special conditions of supervision which are set forth in Part D of the presentence report at Paragraph[s] 66 through 85." *Id*. at 25. Those PSR paragraphs included the substance abuse program with its potential for inpatient treatment. Neither Allison nor his counsel

---

[1] Volume 2 of the record is sealed but this material ended up verbatim in Allison's judgment, which is a public document.

made any objection. These conditions were then copied verbatim into the court's written judgment. *See* R., Vol. 1 at 55–56.

In February 2013—almost seven years after sentencing—Allison filed a "motion for correction of the record pursuant to Fed. R. Crim. P. 36 and 43(a)(3)." R., Vol. 1 at 85 (capitalization normalized). Those two criminal procedure rules provide, respectively, that "the court may at any time correct a clerical error in a judgment" and that "the defendant must be present at * * * sentencing." The interrelationship between these two rules and Allison's case is somewhat convoluted.

According to Allison, the inpatient treatment condition is so onerous (as a potential liberty deprivation) that Allison should have been warned about it specifically at the sentencing hearing—and the lack of such a warning makes the condition void. If the condition is void yet included in his sentence, then the written sentence contradicts the orally pronounced sentence, making Allison effectively not present at his own sentencing, in violation of his constitutional rights. *See United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) (en banc) (noting that Criminal Rule 43(a)(3) "has its source in the confrontation clause of the sixth amendment and the due process clause of the fifth and fourteenth amendments" and that "a defendant is sentenced in absentia [and therefore unconstitutionally] when the judgment and commitment order is allowed to control when there is a conflict [with the sentence pronounced from the

bench]"). Thus, says Allison, the inpatient treatment condition is a "clerical error" needing correction under Criminal Rule 36.

The district court concluded that Allison's motion lacks merit because Allison confirmed his opportunity to review the PSR before sentencing, the court had orally announced its intent to include PSR paragraphs 66 through 85 into Allison's supervisory release conditions, those paragraphs included the inpatient treatment provision, and those paragraphs were indeed reproduced verbatim in Allison's judgment and sentence. Therefore, the oral and written sentences did not conflict.

We agree with the district court, both with its explicit reasoning and the implicit notion that the potential for inpatient treatment is not the sort of condition that requires explanation from the bench in every instance. Nor do we see any reason why the inpatient treatment possibility required explanation from the bench under the circumstances of this case.

But we also note that Allison's motion appears to be an attempt to get around normal appellate and post-conviction procedures. Allison alleges a constitutional error, not a clerical error. Such errors must normally be raised on direct appeal, and if that is not possible, then (for federal prisoners) through 28 U.S.C. § 2255. The 14-day window for a direct appeal has obviously long since passed, *see* Fed. R. App. P. 4(b)(1)(A), as has the one-year limitations

period for a § 2255 motion, *see* 28 U.S.C. § 2255(f).  Allison cannot sidestep these restrictions by reclassifying the problem as a "clerical error."

In any event, because no clerical error occurred here, Allison's motion fails on its own terms.[2]  The district court's decision is AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

---

[2]  Allison passingly mentions four other supervised release conditions that he wishes to be stricken, referring to them only by paragraph number and providing no explanation of what those conditions are or why they should not have been imposed.  Such inadequately developed arguments are forfeited. *See* Fed. R. App. P. 28(a)(9)(A) ("[each] argument . . . must contain . . . appellant's contentions and the reasons for them").