# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2020

Lyle W. Cayce
Clerk

No. 19-40011

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Lozano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-493-2

Before Dennis, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Gustavo Lozano pleaded guilty to drug charges and was sentenced to 87 months in custody and three years of supervised release. At the sentencing hearing, the district court imposed special conditions of supervised release, ordering Lozano to "participate in a[] drug and alcohol treatment program as set out in the appendix to the Presentence Investigation Report." That

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appendix recommended six conditions under the heading "Substance Abuse Treatment, Testing, and Abstinence," two of which mentioned a treatment program. The district court filed a written sentence imposing all six conditions.

Lozano appeals, arguing that the district court failed to pronounce the four conditions that did not mention a program, entitling him to vacatur of those conditions. We held this case because our en banc court clarified the framework for challenges like Lozano's in *United States v. Diggles*, 957 F.3d 551 (2020). Under *Diggles*, Lozano is not entitled to relief. We affirm.

I

On May 31, 2018, Gustavo Lozano pleaded guilty to conspiracy to possess with intent to distribute a kilogram or more of heroin. Before Lozano was sentenced, the probation office filed the final presentence investigation report (PSR) with a four-page appendix. The PSR appendix recommended mandatory, standard, and special conditions of supervised release. The special conditions were grouped under four headings: (1) Substance Abuse Treatment, Testing, and Abstinence; (2) Community Service; (3) English/Second Language; and (4) Travel Restrictions.

At the sentencing hearing, the court asked Lozano's counsel if he had "receive[d] and review[ed]" the PSR and if he had reviewed it with Lozano. Lozano's counsel said yes. The court asked Lozano if he had reviewed the PSR with his counsel. Lozano said yes. The court sentenced Lozano, within Guidelines range, to 87 months in prison, followed by three years of supervised release. The court imposed special conditions of supervised release related to substance abuse and travel. The court did not impose the special conditions recommended under the Community Service and English/Second Language headings.

No. 19-40011

We will compare how the imposed special conditions appeared in the PSR appendix, the sentencing hearing transcript, and the written sentence.

First, the substance-abuse conditions. The PSR appendix listed the following six conditions under the "Substance Abuse Treatment, Testing, and Abstinence" heading:

> You must participate in an inpatient or outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able.
>
> You must participate in an inpatient or outpatient alcohol-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program if financially able.
>
> You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.
>
> You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You may not attempt to obstruct or tamper with the testing methods.
>
> You may not use or possess alcohol.
>
> You may not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

At the sentencing hearing, the court ordered "that as part of your supervised release you participate in a[] drug and alcohol treatment program as set out in the appendix to the Presentence Investigation Report." The written sentence includes, word for word, the six special conditions listed in the PSR appendix under the Substance Abuse Treatment, Testing, and Abstinence heading.

Second, the travel condition. The PSR appendix recommended, "You shall reside in the United States and not travel into Mexico during the supervised release term." At the hearing, the court stated, "The Court is also imposing . . . a travel restriction that you not travel into Mexico unless you are specifically given permission to do so." The probation officer asked who would grant this permission to travel, and the court responded that the probation officer could. The written sentence states, "You shall not travel into Mexico during the supervised release term without previous permission from the U.S. Probation Office."

Lozano now appeals, arguing that his written sentence conflicts with his orally imposed sentence.

## II

We have jurisdiction over Lozano's appeal, challenging a final judgment of conviction and sentence, under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Our en banc court recently clarified the applicable analytical framework and standard of review, grounding them in first principles. The Due Process Clause protects a defendant's right to be present at sentencing. *Diggles*, 957 F.3d at 557. Therefore, a written sentence cannot impose discretionary conditions of supervised release that were not orally pronounced at sentencing. *Id.* A judge complies with this oral-

No. 19-40011

pronouncement requirement by orally adopting "a written list of proposed conditions." *Id.* at 560.

That oral adoption also places the defendant on notice of the condition, such that our standard of review is plain error if the defendant fails to object. *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020). The plain-error standard of review requires the showing of an obvious error that impacted the defendant's "substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *United States v. Grogan*, No. 18-50433, 2020 WL 5869073, at *3 (5th Cir. Oct. 2, 2020) (quoting *Diggles*, 957 F.3d at 559).

*Diggles* did not disturb the analysis that follows once a court has determined whether pronouncement occurred and identified the proper standard of review. If the oral pronouncement conflicts with the written sentence, we must vacate and remand for the unpronounced condition to be excised from the written sentence. *Diggles*, 957 F.3d at 563 (observing the "conflict" versus "ambiguity" analysis a court undertakes if there is a discrepancy between the orally pronounced conditions and the conditions in the written sentence).[1]

We apply the *Diggles* framework regardless of whether the parties have (or could have) briefed it. *See Grogan*, 2020 WL 5869073, at *2, *3 n.2 (applying *Diggles* when neither party submitted Rule 28(j) letters to address *Diggles*); *United States v. Harris*, 960 F.3d 689, 696 (5th Cir. 2020) (stating that the case, fully briefed before *Diggles*, was "squarely governed" by *Diggles*).

---

[1] *See also United States v. Thomas*, No. 19-20520, 2020 WL 5987904, at *2–4 (5th Cir. Oct. 8, 2020) (undertaking the "conflict" versus "ambiguity" analysis); *United States v. Miguel*, No. 19-20557, 2020 WL 5943225, at *4 (5th Cir. Oct. 6, 2020) (same).

### III

Guided by *Diggles*, we turn to the issues Lozano raises on appeal. Lozano challenges the four conditions regarding possession of controlled substances, substance-abuse testing, possession of alcohol, and possession of psychoactive substances. He contends that when the court ordered him to "participate in a[] drug and alcohol treatment program as set out in the appendix to the Presentence Investigation Report," the court did not orally pronounce the four conditions not mentioning a program. Lozano essentially urges an all-or-nothing rule based on headings: the court either adopted all of the conditions under a heading by reciting everything under that heading (like it did for travel) or it did not adopt any of the conditions under a heading by not reciting anything under that heading (like it did for Community Service and English/Second Language). Accordingly, Lozano reasons, the court only adopted the two conditions under the substance-abuse heading that mention a program because the court mentioned a "program" at the hearing.

We recently rejected a similar argument in *United States v. Grogan*, another case we held for *Diggles*. *Grogan*, 2020 WL 5869073, at *2–4. In *Grogan*, the district court stated the following at the sentencing hearing: "The defendant shall participate in a substance abuse program and follow the rules and regulations of that program . . . ." *Id.* at *2. The defendant challenged two conditions in the written sentence, requiring substance-abuse testing and abstention from alcohol and other intoxicants—both of which appeared in the PSR—because the court had not fully enumerated the precise nature of each special condition during the sentencing hearing.

We decided, as a threshold matter, that the standard of review was plain error because the defendant had notice of the challenged conditions and

failed to object. *Id.* at *3.[2] We gave at least three reasons for this. First, the conditions appeared in the PSR, filed six weeks before sentencing, "exactly as they appear[ed] in the judgment." *Id.* Second, a standing order in the district listed all of the challenged conditions. *Id.* Third, the court confirmed that the defendant reviewed the PSR with his counsel and the defendant "did not object to any portion of the PSR, including the recommended conditions." *Id.*

Reviewing for plain error, we concluded that the defendant in *Grogan* demonstrated none. To be sure, the district court "did not recite verbatim the full text of the conditions later set out in the judgment"—but, we explained, verbatim recitation had not been necessary because the court's "oral pronouncements amount[ed] to an adoption of previously provided conditions." *Id.*

Specifically, the district court in *Grogan* had orally pronounced the challenged conditions by reciting "the first sentences of the substance abuse and financial disclosure conditions" that were also contained in the PSR and the standing order. *Id.* at *4. We determined that "although the court did not recite the conditions in full, its shorthand reference was adoption all the same." *Id.* Under *Diggles*, a court can adopt a condition by referencing "a page or paragraph number of the PSR or standing order." *Id.* (citing *Diggles*, 957 F.3d at 555). And in *Grogan*, the court had done more than that; therefore, pronouncement had occurred. *Id.*

---

[2] *Cf. United States v. Fields*, No. 19-10639, 2020 WL 5869465, at *5 (5th Cir. Oct. 2, 2020) (remanding for the district court to strike a condition that was not mentioned at sentencing and did not appear in the PSR or its addendum).

No. 19-40011

This case resembles *Grogan* in every relevant way. Lozano challenges four conditions that were recommended in the PSR appendix.[3] The conditions appear in a standing order. United States District Court for the Southern District of Texas, *In the Matter of Conditions of Probation and Supervised Release* 1–2 (Jan. 6, 2017).[4] And Lozano and his counsel confirmed review of the PSR without objecting to any portion, despite ample time and opportunity to do so.

The conditions were first available to Lozano five months before his sentencing. The district court ordered probation to provide the parties with the PSR by July 5, 2018, roughly seven weeks before the scheduled sentencing hearing on August 23, 2018. On July 10, 2018, Lozano filed objections to three individual paragraphs in the PSR, pertaining to the description of the offense, the statutory safety valve, and acceptance of responsibility. About three weeks later, probation filed the final PSR and appendix, as well as a separate document addressing each of Lozano's objections. Neither party filed objections to the final PSR or its appendix. What is more, Lozano twice asked the court to continue his sentencing, and the court obliged. The court held Lozano's sentencing hearing on December 20, 2018, nearly four months after it was originally scheduled.

During the hearing, the court took a question about the travel condition and clarified the condition in response. The court twice asked the

---

[3] Here, we face no concerns that the defendant and his counsel did not receive notice of addenda filed in the same document as the PSR because the district court expressly referenced the appendix at the sentencing hearing. *Cf. United States v. Omigie*, No. 19-40526, 2020 WL 5937382, at *6 (5th Cir. Oct. 7, 2020) (remanding for the district court to strike a condition that appeared in the same document as the PSR, but not the PSR itself, if the condition had not been shared with the defense).

[4] This order is available at https://www.txs.uscourts.gov/district/genord/2017-01-matter-conditions-probation-and-supervised-release.

parties if there was anything else. Lozano's counsel responded, "That's all we have, Your Honor." In sum, Lozano had notice and an opportunity to object. Plain-error review applies.

We found no error in *Grogan* because the court's shorthand reference to the substance-abuse program orally adopted each condition contained in the paragraph corresponding to the substance abuse program. So too here. Granted, the PSR appendix in this case broke the conditions into smaller paragraphs grouped under one heading, whereas in *Grogan* the conditions were contained in one bigger paragraph. But that is no basis for a different outcome. Lozano objected to individual paragraphs in the draft PSR. Plus, the heading reveals that Lozano arguably had more notice of the testing and abstinence conditions than the defendant in *Grogan*. The heading does not stop at treatment: it foretells conditions related to "Substance Abuse Treatment, Testing, and Abstinence."

Lozano's argument that the district court failed to pronounce four of the six substance-abuse conditions fails. Lozano had notice of the recommended conditions and failed to object, despite ample opportunity. The court did not err, as it adopted all six conditions using a shorthand reference to the relevant portion of the PSR appendix.

IV

Moreover, even if there were no pronouncement, Lozano is not entitled to relief. Based on the evidence of Lozano's history of cocaine and alcohol abuse and the orally pronounced supervised release conditions requiring him to participate in substance- and alcohol-abuse treatment programs, we conclude that prohibiting unprescribed controlled substances, alcohol, and psychoactive substances did not conflict with the oral pronouncement of the sentence. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). As for the drug-testing condition, Lozano was already

obligated to participate in a drug-treatment program and, as a mandatory condition of release, submit to some drug testing. *See United States v. Vega*, 332 F.3d 849, 854 (5th Cir. 2003). To the extent Lozano challenges the requirement that he pay for testing and treatment, that challenge also fails. *See id.* at 852 (finding and declining to vacate a condition to pay for substance abuse treatment that was "clearly consistent" with the condition to undergo treatment); *accord United States v. Thomas*, No. 19-20520, 2020 WL 5987904, at *3–4 (5th Cir. Oct. 8, 2020) (payment for mental health treatment); *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002) (payment for drug treatment).

## V

We conclude that the district court orally pronounced the written conditions Lozano challenges, and that the district court's written sentence does not otherwise conflict with its oral sentence. Therefore, we AFFIRM.