# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2021

Lyle W. Cayce
Clerk

No. 18-40792
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN WAYNE BLANTON, *also known as* POP, *also known as* UNC, *also known as* THE OLD MAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-2-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

A jury convicted John Wayne Blanton of conspiracy to possess with the intent to distribute and distribution of marijuana and cocaine. The district court sentenced Blanton to 235 months in prison followed by a five-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

year term of supervised release. In its written judgment, the district court imposed a special condition of supervised release for Blanton to "provide [his] probation officer with access to any requested financial information for purposes of monitoring [his] sources of income."

Blanton appeals his sentence on two grounds. First, Blanton argues that the district court clearly erred by enhancing his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) based on his coconspirator's alleged possession of a firearm. Second, he argues that the district court abused its discretion in imposing, as part of its written judgment, the financial-reporting special condition because it did not orally pronounce the condition at his sentencing.

We review a district court's decision to apply § 2D1.1(b)(1) under the clearly erroneous standard. *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990). The findings will be affirmed if plausible in light of the entire record. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

The Government had the initial burden under § 2D1.1(b)(1) to show by a preponderance of the evidence that Blanton's coconspirator, Billy Wayne Gamble, possessed a dangerous weapon in connection with drug trafficking and that it was foreseeable to Blanton. *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). The Presentence Report (PSR) contained evidence that Gamble possessed a pistol in his trailer-home located on Blanton's property where DEA agents discovered approximately $45,000 in drug proceeds along with 378.6 grams of marijuana. Based on the investigation and evidence, Gamble assisted Blanton in a large drug trafficking conspiracy in which they stored, delivered, and distributed large amounts of marijuana and, to a lesser extent, cocaine.

Blanton failed to provide any rebuttal evidence showing that Gamble's possession of the firearm was not related to the trafficking activities and that such possession was not reasonably foreseeable to him. *See United States v.*

*Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015). The district court's factual findings were plausible based on the entire record; therefore, the district court did not clearly err in making the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). *See Rodriguez*, 630 F.3d at 380.

The district court included a financial-reporting condition of supervised release in its written judgment but did not explicitly pronounce that condition orally at sentencing, which implicates the oral-pronouncement requirement. *See United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836). In lieu of reciting verbatim each non-mandatory condition of supervised release at sentencing, a district court can "orally adopt a document (typically a PSR) that lists the proposed conditions, so long as 'the defendant had an opportunity to review it with counsel' and the oral adoption is made 'when the defendant is in court.'" *United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) (quoting *Diggles*, 957 F.3d at 561 n.5).

Although the district court stated that Blanton had to comply with the conditions set forth in his PSR, which the district court orally adopted, the financial-reporting condition was listed in a sentencing recommendation attached to the PSR. Despite the recommendation having the same document number as the PSR, it is unclear whether the recommendation was shared with Blanton and his counsel thus allowing them an opportunity to review it before sentencing. *See Omigie*, 977 F.3d at 407.

For the foregoing reasons, the sentencing enhancement is AFFIRMED. We REMAND to the district court for the limited purpose of ensuring that Blanton's condition of supervised release is consistent with the district court's oral pronouncement at sentencing. If it was not, the district court is ORDERED to conform Blanton's written judgment to its

No. 18-40792

oral pronouncement by removing the financial-reporting condition from the judgment.