# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 19, 2021

Lyle W. Cayce
Clerk

No. 20-50007
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Gene Wooten,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-34-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

After Ronald Gene Wooten pleaded guilty to assaulting a federal officer, he was sentenced to 41 months of imprisonment and three years of supervised release. While he was on the period of supervised release, a petition alleged that Wooten had violated the conditions of his release. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50007

pleaded true to the allegations, and he was sentenced within the advisory range to 12 months of imprisonment and two years of supervised release. On appeal, he challenges only one of the conditions of supervised release involving a "search condition." We AFFIRM.

At the sentencing hearing, the district court ordered that Wooten's period of supervised release would be "under the same conditions of release previously imposed and to include these additional conditions: The defendant shall submit to the search condition of supervision within the Western District of Texas." Wooten's counsel did not object and, at the end of the hearing, stated: "I've asked Mr. Wooten if he had any other questions of the Court, and he said he does not."

Wooten now contends that the district court's order did not give sufficient notice and opportunity to object to this condition.[1] In a recent en banc decision of this court, we clarified how this process works, balancing the need to give defendants notice of their conditions, while avoiding unnecessary "robotic" speeches of well-known conditions. *United States v. Diggles*, 957 F.3d 551, 562 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836). We made clear that we "continue to approve" adoption of a court-wide standard condition and that the linguistics of how conditions are described is not dispositive. *Id.* at 557, 561. It is undisputed that the search condition, as more fully laid out in the written sentencing order, is set out in a "special conditions" section of the "Standing Orders of the Western District of Texas." "A standing order

---

[1] Wooten suggests confusion over the standard of review here. Where no objection is made at the sentencing hearing, review is generally for plain error under *Puckett v. United States*, 556 U.S. 129, 135 (2009). As Wooten's brief notes, however, if no opportunity to object was allowed, then review is for abuse of discretion. *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). We conclude that Wooten had the opportunity to object, but we note that there was no error under either standard of review.

No. 20-50007

provides advance notice of possible conditions just as a PSR does." *Id.* at 561. We conclude that the district court's reference to a search condition, contained in a well-known Western District of Texas order, was sufficient given that the order provides "advance notice of possible conditions." *Id.* Therefore, the condition was orally pronounced, and Wooten could have, but did not, object. He articulates no actual problem with imposition of this condition, only whether it was sufficiently orally stated. We conclude that it was. Accordingly, we AFFIRM.