# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40855

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIEGO GAMARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CR-8-2

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

KURT D. ENGELHARDT, Circuit Judge:*

Diego Gamarra appeals his conviction and sentence for coercing and enticing a minor to engage in criminal sexual activity. Gamarra contends that the district court erred by: (1) failing to advise him of the nature of the charge in violation of Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure; (2) increasing his offense level under U.S.S.G. § 2G1.3(b)(2)(B) for unduly influencing the minor victim to engage in prohibited sexual conduct; (3) declining to reduce his offense level under U.S.S.G. § 3B1.2 for his claimed role

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40855

as a minor or minimal participant in the offense; and (4) failing to orally pronounce the special conditions of supervised release at sentencing.

Gamarra's assertion that the district court violated Rule 11(b)(1)(G) by failing to advise him of the nature of the charge, raised for the first time on appeal, is reviewed for plain error only. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Gamarra failed to allege, much less to establish, that there is a reasonable probability that he would not have pleaded guilty but for this purported Rule 11 error. He has therefore failed to show reversible plain error. *See id.*

Gamarra's other claims challenging the two alleged sentencing guidelines errors were preserved, but he has not shown that the district court clearly erred in either applying the § 2G1.3(b)(2)(B) undue influence enhancement or refusing to apply the § 3B1.2 mitigating role adjustment. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 211 (5th Cir. 2018). Gamarra has failed to demonstrate that the district court's findings that he unduly influenced the minor victim to engage in criminal sexual activity and that he was not less culpable than most of the other participants in the offense are not plausible in light of the record as a whole. *See id.* at 211—12.

Finally, Gamarra complains that the district court failed to orally pronounce the special conditions of supervised release included in his written judgment. Gamarra did not object when the district court orally adopted the conditions outlined in the presentence report (PSR), which included the 12 conditions he now challenges. Consequently, plain error review applies. *United States v. Diggles*, 957 F.3d 551, 559—60, 563 (5th Cir. 2020) (en banc). Because the district court's oral adoption of the conditions in the PSR satisfied the court's pronouncement obligations to the extent it was required to do so,

No. 18-40855

Gamarra does "not clear even the first of the four plain-error hurdles for there was no error at all." *Id.* at 560.

The judgment of the district court is AFFIRMED.