# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2020

Lyle W. Cayce
Clerk

No. 18-20741
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

VICTOR DELACRUZ SALAS, *also known as* JOSE SOTO-JIMENEZ,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-325-l

Before DAVIS, STEWART, and DENNIS, *Circuit Judges.*

PER CURIAM:*

Defendant-Appellant Victor Delacruz Salas appeals his sentence following his guilty plea conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326. He argues that there is an impermissible conflict between the oral pronouncement of sentence and the written judgment,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20741

which included a surrender condition as a special condition of supervised release.

Salas did not have a meaningful opportunity to object in the district court. *See United States v. Diggles*, 957 F.3d 551, 559-63 (5th Cir. 2020) (en banc). Consequently, review is for an abuse of discretion. *See United States v. Rivas-Estrada*, 906 F.3d 346, 348-50 (5th Cir. 2018).

The record in this case reflects that the district court intended for Salas to be deported following his prison term. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703-05 (5th Cir. 2019). The surrender condition was consistent with this intent and did not "broaden[] the restrictions or requirements of supervised release from the oral pronouncement." *Id.* at 705 (internal quotation marks, brackets, and citation omitted). Consequently, the district court did not abuse its discretion by including the surrender condition in the written judgment. *See id.*

The judgment of the district court is AFFIRMED.