# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2021

Lyle W. Cayce
Clerk

No. 20-40133
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

David Jesus Zavala,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-2048-4

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

David Jesus Zavala was convicted of conspiracy to possess with intent to distribute a controlled substance, namely 500 grams or more of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and was sentenced to 235 months of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment and a five-year term of supervised release.  He contends that the district court erred by including special supervised release conditions in the written judgment that it failed to orally pronounce at sentencing and seeks remand to permit the district court to reform the written judgment to the oral pronouncement.  Because Zavala had no opportunity to object to any discrepancy between his oral and written sentences, we review for abuse of discretion. *United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836).

When oral pronouncement is required, "[t]he key determination is whether [any] discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).  "If the written judgment broadens the restrictions or requirements" of the orally pronounced conditions of supervised release, then a conflict exists. *Id.*

Zavala was orally ordered to undergo outpatient drug treatment while on supervised release, and his complaints concern additional requirements in the written judgment that he undergo inpatient or outpatient substance-abuse and alcohol-abuse treatment, submit to further substance abuse testing without obstructing or tampering with the testing methods, pay for the treatment and testing, limit his consumption of alcohol, and not possess or use psychoactive substances.  Review of the record reflects that the majority of the unpronounced special conditions are consistent with the orally-pronounced condition that Zavala undergo outpatient drug treatment and the district court's intention that Zavala receive treatment for his extensive substance abuse and alcohol issues.  With the exception of the inclusion of "inpatient or outpatient" substance-abuse and alcohol-abuse treatment—which does conflict with the orally-pronounced condition of only "outpatient" treatment—these additional provisions constitute ambiguities,

No. 20-40133

rather than conflicts, with the orally pronounced terms of supervised release. *See Mireles*, 471 F.3d at 558.

Accordingly, Zavala's sentence is AFFIRMED in part, VACATED in part, and REMANDED for amendment of the written judgment by removing the words "inpatient or" from the special supervised release conditions regarding substance-abuse and alcohol-abuse treatment.