# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2021

Lyle W. Cayce
Clerk

No. 18-40554
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL DAVID PEYTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CR-69-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:*

Michael David Peyton pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, and the district court sentenced him to 292

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-40554

months in prison and 10 years of supervised release. We AFFIRM in part and REMAND for further proceedings.

I

First, Peyton argues that his plea was not voluntarily and knowingly entered because the district court violated Federal Rule of Criminal Procedure 11 by failing to advise him of the correct mandatory minimum sentence. During the plea hearing, the magistrate judge told Peyton that he faced a mandatory minimum sentence of 10 years in prison (and five years of supervised release). That was incorrect. Because of a sentence enhancement for a prior conviction, Peyton actually faced a mandatory minimum sentence of 20 years in prison.

"Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and voluntarily. Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (internal citation omitted). Under Rule 11(b)(1)(I), a district court must advise a defendant of "any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(I).

Although Peyton objected at sentencing to the applicability of the sentence enhancement, he never objected to the magistrate judge's plea colloquy as erroneous under Rule 11 nor did he seek to withdraw his plea. He thus raises his Rule 11 objection for the first time on appeal. We therefore review for plain error. *United States v. Dominguez*, 542 U.S. 74, 76 (2004); *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) ("Because Castro–Trevino objects to the Rule 11 error for the first time on appeal, this court must review for plain error only."). To prevail on plain error review, Peyton must show that "(1) the district court committed Rule 11 error, (2) the error was plain, (3) there is a reasonable probability that but for the error,

he would not have pleaded guilty, and (4) the error seriously affected the fairness, integrity, or public reputation of the proceedings." *United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013).

The Government does not dispute that the magistrate judge committed clear error under Rule 11 by incorrectly telling Peyton that a lower mandatory minimum applied. *See id.* at 954. Instead, the Government contends that this error did not affect Peyton's substantial rights—that there is *not* a reasonable probability that, but for the error, Peyton would not have pleaded guilty. *See Dominguez*, 542 U.S. at 76. We agree.

"[A] reviewing court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002). Here, the record shows that Peyton was aware, well before he was sentenced, that he faced a mandatory minimum sentence of 20 years in prison. Both the initial and final Presentence Investigation Report ("PSR") clearly and repeatedly stated the correct mandatory minimum sentence of 20 years imprisonment. At sentencing, Peyton's attorney informed the court that he had fully explained the PSR to Peyton and Peyton confirmed that he understood the PSR. Furthermore, in a pro se letter filed after the initial PSR was filed, Peyton wrote directly to the court and explained that he was aware of the sentence enhancement but that he did not think his conduct "necessitate[d] a minimum of 20 years in prison."

Despite learning that he in fact faced a mandatory minimum of 20 years imprisonment rather than the 10 years that the magistrate judge described at the plea hearing, Peyton never expressed that he wished to change or withdraw his plea, or that his decision to forego trial hinged on his understanding that he faced only a ten-year minimum prison sentence. Indeed, to the contrary, Peyton wrote in his pro se letter that "[i]t's never been my intention to go to trial," and that "I will accept my sentence no

matter what it is . . . ." This record evidence suggests that Peyton's decision to plead guilty and forgo trial was not impacted by the magistrate judge's Rule 11 error. Therefore, Peyton cannot demonstrate plain error here. *See Alvarado-Casas*, 715 F.3d at 954.

## II

Second, Peyton argues that the district court abused its discretion in mandating in its written judgment that as special conditions of his supervised release, he must provide the probation office with access to requested financial information for the purpose of monitoring employment; that he participate in and pay for drug testing and treatment; and that he participate in and pay for psychiatric, psychological, or mental-health treatment programs. He urges that the conditions should be removed from the written judgment because the district court did not orally pronounce them at his sentencing. The district court included these conditions of supervised release in its written judgment but did not explicitly pronounce them orally at sentencing, which implicates the oral-pronouncement requirement. *See United States v. Diggles*, 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9, 2020) (No. 20-5836). In lieu of reciting verbatim each non-mandatory condition of supervised release at sentencing, a district court can "orally adopt a document (typically a PSR) that lists the proposed conditions, so long as 'the defendant had an opportunity to review it with counsel' and the oral adoption is made 'when the defendant is in court.'" *United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) (quoting *Diggles*, 957 F.3d at 561 n.5).

Although the district court explained that Peyton had to comply with the conditions set forth in his PSR, which the district court orally adopted, the special conditions were listed in a separate "supervision conditions recommendation" attached to the PSR. Although the recommendation has

the same document number as the PSR, it is unclear whether the recommendation was shared with Peyton and his counsel, thus affording them an opportunity to review it prior to sentencing. *See Omigie*, 977 F.3d at 407 & n.47. We therefore remand for the district court to determine whether the "supervision conditions recommendation" was disclosed to Peyton as part of his PSR. If it was not, the court must conform the written judgment to its oral pronouncement by removing the conditions from the judgment. *See id.*

## III

For the foregoing reasons, the judgment is AFFIRMED IN PART. We REMAND to the district court for the limited purpose of ensuring that Peyton's conditions of supervised release are consistent with the district court's oral pronouncement at sentencing.