# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2021

No. 20-40621
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brenda Alicia Fuentes,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-2341-1

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Brenda Alicia Fuentes appeals the sentence imposed following her guilty plea conviction for sexual abuse of a ward in violation of 18 U.S.C. § 2243(b). She argues that the district court plainly erred in requiring her to register as a sex offender as a special condition of her supervised release,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40621

because the Sex Offender Registration and Notification Act (SORNA) provides an exception for individuals who committed sex offenses involving consensual sexual contact. She also argues that the district court failed to make any factual findings to substantiate the imposition of the special condition of supervised release.

When a defendant challenges a supervised release condition for the first time on appeal, plain error review applies if, as here, the defense had notice of the condition and an opportunity to object in the district court. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir.), *cert. denied*, 141 S. Ct. 825 (2020). To establish reversible plain error, Fuentes must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that the clear or obvious error affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Fuentes bears the burden of proving each of these elements. *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017).

First, although the district court imposed the SORNA sex offender registration requirement as a special condition of supervised release, the condition was mandatory pursuant to 18 U.S.C. § 3583(d) because an offense under § 2243(b) is a "sex offense" under SORNA. *See* 34 U.S.C. §§ 20911(1) and (5)(A)(iii), 20913(a). Thus, the district court was not required to make findings under § 3583(d) supporting the condition before it was imposed. *See* § 3583(d); *Diggles*, 957 F.3d at 558-59, 562-63.

An exception to the SORNA registration requirement is provided for by § 20911(5)(C), which provides that "[a]n offense involving consensual sexual conduct is not a sex offense . . . if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the

No. 20-40621

offense." Fuentes pleaded guilty to performing oral sex on a federal inmate while she was employed as a supervisory cook in the prison where the inmate was detained. Any error in failing to apply the SORNA exception was not clear or obvious, but rather subject to reasonable dispute, given the lack of any binding jurisprudence and Fuentes's solemn declarations in court that she was in custodial authority of the prisoner, and that she did not dispute that she was a prison cook supervisor while the prisoner worked in the kitchen. *See Puckett*, 556 U.S. at 135; *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). The district court's judgment is AFFIRMED.