# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2021

Lyle W. Cayce
Clerk

———————

No. 21-50185

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Marshall Lee Braddy,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-264-7

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Marshall Lee Braddy pled guilty to conspiring to distribute cocaine and methamphetamine. *See* 21 U.S.C. §§ 846, 841(b)(1)(B). The district court sentenced Braddy to 10 years imprisonment and a 5-year term of supervised release. The written judgment listed ten statutorily mandated conditions of supervised release. *See* 18 U.S.C. §§ 3013(a)(2)(A), 3583(d), 3664(k). The written judgment also included seventeen conditions from a district-wide standing order that the district court did not mention at sentencing.

The parties agree that the district court's judgment conflicts with our decision in *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). There we held that supervised-release conditions imposed by statute need not be pronounced orally at sentencing because any objection to them would be futile. *Id.* at 557. But "discretionary" conditions must be orally pronounced in the defendant's presence at sentencing so that he has an opportunity to object. *Id.* at 557–59. We agree with the parties that Braddy did not have an opportunity to object to the seventeen conditions mentioned in the district court's standing order but unmentioned at sentencing. We therefore find error under *Diggles*.

The only question is what to do about that error. In some cases, we have remanded solely for the district court to conform the judgment to the oral pronouncement by striking the unpronounced discretionary conditions. *See, e.g.*, *United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020). In other cases, we have remanded for resentencing when the defendant established a *Diggles* error. *See, e.g.*, *United States v. Brown*, No. 20-40210, 2021 WL 1157621, at *3 (5th Cir. Mar. 25, 2021). And in still other cases involving non-*Diggles*-based variances between the oral pronouncement and the written judgment, we've ordered limited remands that allow the district court to choose whether to conform the previous judgment or to resentence the defendant under a new judgment. *See, e.g.*, *United States v. Taylor*, 973 F.3d 414, 419–21 (5th Cir. 2020).

Here, we think the limited remand makes sense. The district court should have discretion either to strike the unpronounced condition or to give the defendant the opportunity to object to it at a new sentencing hearing. Either of those remedies can cure the *Diggles* problem. The first cures it by removing the condition. The second cures it by ensuring that the defendant is present in the courtroom for an oral pronouncement of his sentence with a full opportunity to object to any and every discretionary part of that sentence.

IT IS THEREFORE ORDERED that the Appellee's motion for a limited remand to the district court is GRANTED for the district court, within sixty days, either to vacate the challenged conditions of supervised release or to hold a new sentencing hearing to conform with the requirements of *Diggles*.

IT IS FURTHER ORDERED that Appellee's alternative unopposed motion for an extension of fourteen (14) days to file its brief upon the denial of remand is DENIED AS MOOT.