# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 19, 2021

Lyle W. Cayce
Clerk

No. 20-40115
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROSARIO GARZA-GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1704-4

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Rosario Garza-Gonzalez pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana, and was sentenced to 60 months of imprisonment and four years of supervised release. The district court's written judgment imposed two special conditions of supervised

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40115

release: one requiring him to immediately report to the nearest probation office if he returns to the United States and another directing that active supervision would automatically reactivate if he did so report. Garza-Gonzalez and the Government agree that these special conditions are improper because they were not orally pronounced at his sentencing.

Because Garza-Gonzalez had no opportunity at his sentencing to object to these special conditions that were later included in his written judgment, "instead of reviewing for plain error, we review the . . . court's imposition of those conditions for an abuse of discretion." *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012) (quoting *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006)) (alteration in original). "The pronouncement requirement is not a meaningless formality." *United States v. Diggles*, 957 F.3d 551, 559–63 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). "[I]t is part of the defendant's right to be present at sentencing, which in turn is based on the right to mount a defense." *Id.* "[I]f the written judgment conflicts with the sentence pronounced at sentencing, that pronouncement controls." *Mudd*, 685 F.3d at 480 (alteration in original) (quoting *Bigelow*, 462 F.3d at 381). Because these two special conditions were not announced during the sentencing hearing, the district court abused its discretion by including them in the written judgment. *See id.*; *Diggles*, 957 F.3d at 559–63.

Accordingly, the judgment of the district court is VACATED IN PART and the matter is REMANDED to the district court for the limited purpose of conforming the written judgment to the oral pronouncement of sentence.