# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 21-50185

United States of America,

*Plaintiff—Appellee*,

*versus*

Marshall Lee Braddy,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 5:19-CR-264

Before Smith, Wiener, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Marshall Braddy pleaded guilty of conspiring to distribute cocaine and methamphetamine. He also pleaded true to a sentencing enhancement owing to a prior conviction. At a hearing, the district court sentenced Braddy to ten years of imprisonment and five years of supervised release. But the written judgment imposed twenty-seven conditions of supervised release not stated

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50185

at the hearing.  Seventeen of those are standard conditions from a standing order of the Western District of Texas.[1]  This appeal decides the fate of those seventeen discretionary conditions.

A district court must pronounce discretionary sentencing conditions so that the defendant has "notice and an opportunity to object." *United States v. Diggles*, 957 F.3d 551, 563 (5th Cir. 2020) (en banc).  Braddy and the government agree that the district court did not satisfy that requirement:  At sentencing, the court did not state the seventeen conditions.  Nor did it adopt the Western District's standing order, which lists those conditions, or the presentence report, which advised their imposition.

The parties are correct:  The district court abused its discretion.  That leaves the question of remedy.

Braddy and the government ask us to instruct the district court to excise the seventeen conditions from Braddy's sentence.  That is our usual approach,[2] from which we have no reason to depart.  We direct the district court to strike those discretionary conditions from the written judgment so that it conforms to the oral sentence.  With those instructions, the judgment of sentence is VACATED and REMANDED.

---

[1] Conditions of Probation & Supervised Release (W.D. Tex. as amended Nov. 28, 2016), https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/District/Conditions%20of%20Probation%20and%20Supervised%20Release.pdf.

[2] *See, e.g.*, *Diggles*, 957 F.3d at 563 ("Our caselaw does not generally give the district court [a] second chance when it fails to pronounce a condition . . . ."); *United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020); *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Rodriguez*, 852 F. App'x 810, 811–12 (5th Cir. 2021) (per curiam); *United States v. Smith*, 852 F. App'x 780, 789 & n.36 (5th Cir. 2021) (per curiam); *United States v. Davalos*, 810 F. App'x 268, 276 (5th Cir. 2020) (per curiam); *United States v. Saldana-Cordero*, 735 F. App'x 134, 134–35 (5th Cir. 2018) (per curiam).