# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2022

Lyle W. Cayce
Clerk

No. 21-50473

United States of America,

*Plaintiff—Appellee*,

*versus*

Julian Rivera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-283-14

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Julian Rivera appeals the sentence imposed for his conviction of conspiracy to distribute and to possess with intent to distribute methamphetamine. He argues that the written judgment conflicts with the district court's oral pronouncement of the sentence because the written judgment contains 19 discretionary conditions of supervised release that were

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

not orally pronounced at sentencing. Specifically, he challenges the eighth mandatory condition, the ninth mandatory condition, and all 17 standard conditions in the written judgment.

The district court failed to give Rivera adequate notice at sentencing that it was imposing the challenged conditions, and they must be excised from the written judgment to the extent they conflict with the district court's oral pronouncement of the sentence. *See United States v. Diggles*, 957 F.3d 551, 557-59 (5th Cir. 2020) (en banc); *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). The Government disputes whether the eighth and ninth mandatory conditions must be stricken despite our conclusion that the district court did not pronounce them at sentencing.

The eighth mandatory condition need not be excised because it is consistent with the district court's oral pronouncement of a special assessment, the statute mandating the special assessment, and the district court's intent that Rivera be required to pay the special assessment. *See Mudd*, 685 F.3d at 480. The ninth mandatory condition and the 17 standard conditions must be excised. *See Diggles*, 957 F.3d at 557-59; *Mudd*, 685 F.3d at 480.

Accordingly, we VACATE in part and REMAND for the district court to amend the written judgment in accordance with this opinion. In all other respects, the judgment is AFFIRMED.