# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2022

Lyle W. Cayce
Clerk

No. 21-20487
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID GOMEZ-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:21-CR-193-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

David Gomez-Perez pleaded guilty of illegal reentry by a previously deported alien after a felony conviction and was sentenced to 24 months of imprisonment and three years of supervised release. On appeal, he maintains that all but one of the standard conditions of supervised release in his written

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20487

judgment should be vacated because they were not pronounced at sentencing as required and that Standard Condition 10 should be amended to conform to the partial oral pronouncement of that condition. The government largely agrees but urges affirming as to Standard Conditions 10 and 14.

First, we agree with the parties that Standard Conditions 1 through 9, 11 through 13, and 15 in the written judgment are discretionary under 18 U.S.C. § 3583(d), that the district court was required to pronounce them at sentencing but failed to do so, and that they conflict with the oral pronouncement and so must be excised from the written judgment. *See United States v. Diggles*, 957 F.3d 551, 556–59 (5th Cir. 2020) (en banc); *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). We also agree with Gomez-Perez that Standard Condition 10 must be amended because it is broader than either the district court's incomplete oral pronouncement of the condition or the required condition prohibiting commission of another federal, state, or local crime. *See Mireles*, 471 F.3d at 558; *see also* § 3583(d). Finally, we agree with the government that Standard Condition 14 can be affirmed, in part because pronouncement was not required and in part because, on the facts of this case, it is not more burdensome than the oral pronouncement. *See Diggles*, 957 F.3d at 559; *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006); § 3583(d).

Accordingly, the judgment of sentence is VACATED in part and REMANDED to the district court to amend the written judgment in accordance with this opinion. In all other respects, the judgment is AFFIRMED.