NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EFREN ALEXIS ROJO-GERMAN,

Defendant-Appellant.

No. 23-289

D.C. No.
4:21-cr-01597-RM-LCK-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted August 15, 2024**
Submission Vacated August 15, 2024
Resubmitted October 8, 2024
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Efren Alexis Rojo-German appeals his sentence on the ground that his due

process rights were violated when the district court failed to pronounce certain

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretionary conditions of supervised release in his presence. We have jurisdiction under 28 U.S.C. § 1291. Because Rojo-German was informed of the proposed conditions of supervised release in advance of sentencing and the district court incorporated those conditions by reference at the sentencing hearing, we affirm.

A defendant has a constitutional right "to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure," one of which is sentencing. *United States v. Montoya*, 82 F.4th 640, 646–47 (9th Cir. 2023) (en banc) (citations omitted). Accordingly, a defendant has "a due process right to be present to defend against" any non-mandatory conditions of supervised release, even those labeled "standard" under the U.S. Sentencing Guidelines. *Id.* at 650.

A district court may satisfy this requirement by reciting "each condition it elects to impose" at sentencing or, where the defendant has been informed of the proposed conditions of supervised release in advance, the court may "incorporate those conditions by reference at the hearing." *Id.* at 651–52. For example, the district court may orally incorporate by reference the "conditions set forth in the presentence report," or "courtwide or judge-specific standing orders that list conditions." *Id.* at 652 (quoting *United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) (en banc)).

Rojo-German's presentence report recommended that he be required to comply with "the mandatory and standard conditions of supervision as adopted by this Court in General Order 17-18" and listed several (but not all) of those conditions that were of "particular importance." At sentencing, Rojo-German affirmed that he had reviewed the presentence report and that his attorney had answered his questions regarding the report. His attorney additionally represented that Rojo-German understood the contents of the presentence report. The district court orally pronounced that Rojo-German must "follow the standard conditions of supervision adopted by this Court in General Order 17-18."

In *United States v. Avendano-Soto*, No. 23-281, 2024 WL 4157760 (9th Cir. Sept. 12, 2024), which concerned a sentencing materially indistinguishable from Rojo-German's, we held that the district court validly incorporated by reference the conditions of supervised release in General Order 17-18. We concluded: "Because Avendano reviewed and understood the PSR, and the PSR incorporated the conditions of General Order 17-18, Avendano had sufficient notice that he would be subject to the conditions in General Order 17-18." *Id.*, 2024 WL 4157760, at *4.

The same is true of Rojo-German. He was sufficiently "informed of the proposed conditions of supervised release set forth in the presentence report" and thus in General Order 17-18, such that the district court's oral incorporation by

3

reference of those same conditions gave Rojo-German "a meaningful opportunity to object to them." *Montoya*, 82 F.4th at 652.

**AFFIRMED.**