**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4003**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

TOVORRIS D. JENKINS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge.  (9:19-cr-00438-DCN-1)

Submitted:  December 20, 2021           Decided:  January 12, 2022

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tovorris D. Jenkins appeals from his sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon and possession with intent to distribute cocaine and cocaine base. Jenkins was sentenced to 151 months to be followed by 3 years of supervised release. On appeal, Jenkins asserts that the district court included in his written judgment discretionary conditions of supervised release that were not imposed orally at sentencing. We vacate and remand for resentencing.[1]

Prior to sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"), listing 7 "mandatory conditions of supervision," as well as 13 "standard conditions of supervision." (J.A. 131-32). Standard condition 1 provided that Tovorris must "report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment." (J.A. 131). Standard condition 12 provided that, "[i]f the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction." (J.A. 132).

Jenkins objected to standard condition 12, arguing that, by ceding discretion to the probation officer to determine which persons may be at "risk," this condition effected an unconstitutional delegation of Article III authority from the court to the probation officer. At the sentencing hearing, the district court granted the objection and agreed to modify

---

[1] Jenkins also raised claims challenging his custodial sentence. As discussed below, because we remand for resentencing, we do not reach Jenkins' other claims.

2

condition number 12, so as to require the probation officer to seek court approval before exercising any authority under the condition.

After ruling on Jenkins' other objections, the district court sentenced Jenkins to 151 months' imprisonment. The district court then discussed Jenkins' supervised release and explained that "while on supervised release, the mandatory standard conditions of supervision" would apply. (J.A. 96). The court informed Jenkins that "[w]ithin 72 hours of release, he shall report in person to the probation officer in the district to which he's released." (J.A. 95-96). Last, the district court commented, "I think we've gone over the general conditions, number 12" and referred back to Jenkins' objection and the court's subsequent revision to the condition. (J.A. 96).

Jenkins' judgment order included the agreed-upon revisions to standard condition 12. Standard condition 1 required Jenkins to report to the probation office in the "judicial district where you are authorized to reside," in accordance with the PSR but at odds with the court's statements at sentencing. (J.A. 101). The remainder of the standard conditions matched the conditions listed in the PSR.

This court "review[s] the consistency of [a defendant's] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (internal quotation marks omitted). [2] In *Rogers*, we held that

---

[2] The Government argues that, because Jenkins had the opportunity to (and in fact did) object to the standard conditions listed in the PSR, his claim should be reviewed for plain error. However, the opportunity to object to the actual imposition of the conditions

3

a district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. Id. at 296-99. "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299. "Express incorporation" is not only "a critical part of the defendant's right to be present at sentencing" but "also provides [the court] with the crucial objective indication that a district court has undertaken the necessary individualized assessment and made a considered determination, at the time of sentencing, that an identifiable set of discretionary conditions should be imposed on a defendant's supervised release." *Id.* at 300 (internal quotation marks omitted). "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed," "a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Id.* at 299 (internal quotation marks omitted). The remedy for a *Rogers* error "is to vacate the sentence and remand for the district court to resentence" the defendant anew. *United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

---

of supervised release "exists when the court notifies the defendant at sentencing that conditions are being imposed." *United States v. Diggles,* 957 F.3d 551, 560 (5th Cir. 2020) (noting that an objection at sentencing alerts "the district court of a possible need to make a more detailed recitation of the discretionary conditions and justify them"); *see also Rogers,* 961 F.3d at 295-96 (noting that, even when a defendant fails to object to the district court's violation of the oral-pronouncement rule, this court reviews the claim de novo).

Here, the district court orally announced conditions corresponding with standard conditions 1 and 12. The court did not announce the imposition of any of the other standard conditions. [3] Nor did the court state that it was adopting the PSR in full or otherwise infer that all the standard conditions were being imposed. In any event, the court's oral description of condition 1 does not match the written judgment order with regard to whom Jenkins is required to report. This error alone is reversible *Rogers* error.

We therefore determine that the district court's failure to orally pronounce all discretionary conditions warrants vacatur and remand for resentencing. *See id.* at 346. A full resentencing is warranted "given that custodial and supervised release terms are components of one unified sentence." *Id.* at 346 n.4 (alteration and internal quotation marks omitted). As such, there is no need to examine Jenkins' remaining claims because the *Rogers* error, "[b]y itself, . . . requires that [the court] vacate [Jenkins'] sentence and remand for the district court to conduct the sentencing anew." *Id.* at 344.

Accordingly, we vacate Jenkins' sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately

---

[3] The Government argues that, when the district court noted that the "mandatory standard conditions of supervision" would apply, the court meant (or actually said) that the "mandatory *and* standard conditions of supervision" would apply. However, this is mere speculation, and the Government has not moved to correct the transcript. In addition, several sentences later, the district court referenced "general conditions" of supervised release stating that they had been "gone over" and explicitly noted that there had been objections to number 12. (J.A. 96). Thus, it appears that the district court referenced the standard "general conditions" separately from the "mandatory standard conditions."

presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED