# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40521

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ROSIE DIGGLES; WALTER DIGGLES; ANITA DIGGLES,

> Defendants - Appellants

Appeals from the United States District Court
for the Eastern District of Texas

Before OWEN, Chief Judge, and HIGGINBOTHAM, JONES, SMITH, STEWART, DENNIS, ELROD, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, COSTA, WILLETT, HO, DUNCAN, ENGELHARDT, and OLDHAM, Circuit Judges.

GREGG COSTA, Circuit Judge:

District courts in the Fifth Circuit sentence more than 15,000 defendants a year. U.S. SENTENCING COMM'N, STATISTICAL INFORMATION PACKET: FIFTH CIRCUIT, FISCAL YEAR 2018, at 3 tbl.1 (17,658 sentenced); 2017, at 2 tbl.1 (16,712 sentenced); 2016, at 2 tbl.1 (16,074 sentenced); 2015, at 2 tbl.1 (16,344 sentenced). About 90% of those defendants are sentenced to prison. *Id*. FISCAL YEAR 2018, at 9 tbl.5 (noting that 91.9% of defendants received some prison term as part of their sentence). And most defendants sentenced to prison will be on supervised release when they get out. U.S. SENTENCING COMM'N,

No. 18-40521

OVERVIEW OF FEDERAL CRIMINAL CASES, FISCAL YEAR 2018, at 10 (74.7% of all defendants serving time and 84.3% of nonimmigration defendants); 2017, at 6 (83.8% of all defendants serving time and 94.1% of nonimmigration defendants).

Supervised release "assist[s] individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). To promote that reintegration and protect the public from further crimes, courts often impose conditions on a releasee. *See Mont v. United States*, 139 S. Ct. 1826, 1833, 1835 (2019). Examples include drug testing, mental health treatment, job training, community service, and sex offender registration. *See id.* at 1835. Although the goal of such conditions is to help the releasee lead a productive and crime-free life, failure to comply can result in a return to a prison. Consequently, these important features of the federal criminal justice system are often the subject of appeals.

We heard this case en banc to resolve inconsistency in our caselaw on one common issue: How does the requirement that a court pronounce its sentence in the presence of the defendant apply to supervision conditions?

I.

A jury convicted Rosie, Walter, and Anita Diggles of fraud in connection with the receipt of hurricane-relief funds. They assert that the evidence did not support their convictions. Adopting the original panel's opinion on the sufficiency challenges, we disagree and affirm the convictions. *United States v. Diggles*, 928 F.3d 380, 387–91 (5th Cir. 2019).

Rosie Diggles also challenges her 54-month prison sentence, arguing that the district court should not have applied a Sentencing Guidelines enhancement for making a misrepresentation "on behalf of a charitable, educational, religious, or political organization, or a government agency."

No. 18-40521

U.S.S.G. § 2B1.1(b)(9)(A). We again agree with the panel opinion and affirm her custodial sentence. 928 F.3d at 391–92.

## II.

That brings us to the reason for full-court review. The district court required supervised release for each defendant and ordered Walter to pay $1.33 million in restitution, with Rosie and Anita jointly and severally liable for just over $970,000. The judgments include four conditions of supervised release related to the defendants' financial obligations. They require the defendants to:

1. "pay any financial penalty that is imposed by the judgment";

2. "provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment";

3. "not incur new credit charges or open additional lines of credit without the approval of the probation officer" until full payment is made; and

4. "not participate in any form of gambling" until full payment is made.

The defendants object that the district court did not recite those conditions when imposing their sentences. Instead, taking Walter's sentencing as an example, the judge said:

> In addition, defendant must comply with the mandatory and special conditions and instructions set out in the revised presentence report.

> Looking at the Revised Presentence Investigation Report, those conditions are found at this Document 149 at page 27 and 28. Now, the title there is "Supervision Conditions Recommendation." Those are no longer just a recommendation; those are the conditions and special instructions that I have adopted.

3

No. 18-40521

Here is the part of the Presentence Investigation Report (PSR) that the court adopted[1]:

Case 9:15-cr-00024-RC-ZJH   Document 151   Filed 03/23/18   Page 27 of 28 PageID #:  2749

**SUPERVISION CONDITIONS**
**RECOMMENDATION**

In addition to the Standard Conditions of Supervision, the following conditions have been recommended:

**Mandatory Conditions (Supervised Release):**
1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☒  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

**Special Conditions:**
You must pay any financial penalty that is imposed by the judgment.

You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Despite the judge's express adoption of the PSR's recommendations, the defendants have some precedent to stand on in arguing it was not enough.  We

---

[1] This excerpt comes from the end of the revised PSR.  Proposed supervision conditions often appear separately in the Probation Office's sentencing recommendation.  District courts differ on whether they disclose that document to the parties.  *See* Fed. R. Crim. P. 32(e)(3) (permitting a court to "direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence").  Of course, the adoption practice we discuss in this opinion works only if the defendant received the adopted document.  So conditions cannot be incorporated by reference when they are listed only in a PSR recommendation that has not been disclosed to the defendant.

recently vacated supervised release conditions when the sentencing judge told the defendant that the conditions recommended in the PSR would be imposed instead of reciting them one-by-one. *United States v. Rivas-Estrada*, 906 F.3d 346, 350–51 (5th Cir. 2018). Other caselaw gives district judges more leeway in adopting written recommendations. For instance, we upheld conditions when, during sentencing, the court admitted a Probation Office memo recommending conditions without discussing them further. *United States v. Rouland*, 726 F.3d 728, 734 (5th Cir. 2013) (applying plain-error review because the exhibit provided notice); *see also United States v. Al Haj*, 731 F. App'x 377, 379 (5th Cir. 2018) (per curiam) (finding no error when the defendant signed a document listing conditions). We agreed to hear this case en banc to reconcile our caselaw, which creates a granular distinction at best and a backwards one at worst. After all, a PSR's list of proposed conditions provides much earlier notice than an exhibit given to the parties for the first time at sentencing. *See Diggles*, 928 F.3d at 393.

## A.

The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); *see also* FED. R. CRIM. P. 43(a)(3). If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls. *United States v. Kindrick*, 576 F.2d 675, 676–77, 677 n.1 (5th Cir. 1978) (collecting cases). This pronouncement rule applies to some supervised release conditions, but not all of them. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936–38 (5th Cir. 2003) (per curiam); *Martinez*, 250 F.3d at 942. So before deciding whether adoption of written recommended conditions counts as pronouncement, we address when pronouncement is required.

No. 18-40521

Here too our law is confusing.  Pronouncement is not required for what the Sentencing Guidelines call "mandatory" and "standard" conditions.  *See* U.S.S.G. § 5D1.3(a), (c); *Torres-Aguilar*, 352 F.3d at 938.  It is, however, required for "discretionary" and "special" conditions.  U.S.S.G. § 5D1.3(b), (d); *United States v. Vega*, 332 F.3d 849, 853 n.8 (5th Cir. 2003) (per curiam); *Martinez*, 250 F.3d at 942.

But these lines are not so clear cut.  Sometimes a condition labeled "special" is not special after all; it may essentially be a standard condition that need not be pronounced.  *See Rouland*, 726 F.3d at 735 ("[S]pecial conditions may be tantamount to standard conditions under the appropriate circumstances, thereby precluding the need for an oral pronouncement."); *Torres-Aguilar*, 352 F.3d at 937 (explaining that it is "irrelevant" that the Guidelines label a condition "special" (quoting *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002))).  When is a condition "special" in name only?  When the Guidelines recommend the condition, rather than merely note that the condition may be appropriate.  *Torres-Aguilar*, 352 F.3d at 937–38 (concluding that pronouncement is not required for special conditions that the Guidelines recommend).  Adding to this confusion is that we have sometimes said that conditions the Guidelines label as "special," but that are recommended and thus effectively standard, may become special again when the judgment labels them as such (as the judgments here do for the challenged conditions).  *See United States v. Ramos*, 765 F. App'x 70, 71–72 (5th Cir. 2019) (per curiam).  Follow that?

We can do better.  A return to first principles paves the way.

6

No. 18-40521

We begin with the source of the pronouncement requirement. It is part of a defendant's right to be present for sentencing.[2] *Vega*, 332 F.3d at 852; *Martinez*, 250 F.3d at 942. Including a sentence in the written judgment that the judge never mentioned when the defendant was in the courtroom is "tantamount to sentencing the defendant *in absentia*." *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011).

And where does the right to be present at sentencing come from? Unlike the right to be present at trial which stems from the Sixth Amendment's Confrontation Clause, the right to be present at proceedings that lack testimony (usually true of sentencings) comes from the Fifth Amendment's Due Process Clause. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam). As is typically true of due process rights, this one does not set out bright lines. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U.S. 97, 107–08 (1934). Put differently, the right turns on whether a defendant's "presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Id.* at 105–06. The sentencing hearing is a critical stage of a criminal case—usually *the* critical stage these days when well over 95% of federal defendants plead guilty—so we have recognized a constitutional right to be present at sentencing. *United States v. Huff*, 512 F.2d 66, 71 (5th Cir. 1975). This right is reflected in Federal Rule of Criminal Procedure 43(a)(3).

---

[2] Some authority suggests that the pronouncement requirement also comes from the notion that only what the judge says in court is a judicial act, whereas the entry of judgment is a ministerial act. *See, e.g.*, *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974); *Watkins v. Merry*, 106 F.2d 360, 361 (10th Cir. 1939). But that is not where we have rooted the right. And another court called this theory "more conclusory than analytical." *United States v. Weathers*, 631 F.3d 560, 562 (D.C. Cir. 2011).

No. 18-40521

The scope of the pronouncement requirement should correspond to the standard governing the presence right from which it flows. So when is pronouncement of a supervised release condition necessary to give the defendant a sufficient "opportunity to defend"? *Snyder*, 291 U.S. at 105. Certainly when imposition of that condition is discretionary, because then the defendant can dispute whether it is necessary or what form it should take. But when a condition is mandatory, there is little a defendant can do to defend against it. The basic distinction underlying our pronouncement caselaw was thus sound, though it became muddled by focusing on the labels used in the Sentencing Guidelines and written judgments.

That confusion can be eliminated, or least minimized, by tethering the need to pronounce to the statute that regulates supervised release conditions: 18 U.S.C. § 3583(d), which distinguishes between required and discretionary conditions. Section 3583(d) first lists conditions the court "shall" impose (some for all offenses, others for certain offenses). Examples include not committing a crime or unlawfully possessing a controlled substance, cooperating in the collection of a DNA sample, paying any restitution, and registering as a sex offender for offenses that require it. *Id.* The statute then says that a court "may" impose other conditions that are "reasonably related" to certain statutory sentencing factors, "involve[] no greater deprivation of liberty than is reasonably necessary" to accomplish certain sentencing objectives, and are consistent with the Sentencing Guidelines. *Id.* It also cross-references the statute that lists discretionary conditions of probation. *Id.* (citing 18 U.S.C. § 3563(b)). Having the pronouncement requirement depend on whether a

8

condition is discretionary under section 3583(d) is a bright-line rule that tracks the defendant's right to be present at sentencing.[3]

Tying the pronouncement requirement to section 3583(d)'s dividing line produces another benefit: it will mirror the statutory requirement for when a court must justify the conditions it imposes (what courts call the "articulation" requirement). As just mentioned, discretionary conditions must be tailored to statutory considerations. 18 U.S.C. § 3583(d); *see United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (discussing the need to make findings for these discretionary conditions). It makes sense for the articulation and pronouncement requirements to share the same trigger.

We therefore reject the byzantine distinctions we have drawn between standard, mandatory, standard-but-listed-in-the-judgment-as-special, "true" special, and not-really-special conditions when it comes to pronouncement.[4] From now on, what matters is whether a condition is required or discretionary under the supervised release statute. *See* 18 U.S.C. § 3583(d). If a condition is required, making an objection futile, the court need not pronounce it. If a condition is discretionary, the court must pronounce it to allow for an objection.

Looking at these defendants' conditions in terms of section 3583, the first one requiring them to pay financial penalties—here, restitution—was

---

[3] In-court pronouncement of discretionary conditions does not just allow defendants an opportunity to opine on the propriety and scope of a condition. The requirement furthers a victim's right "to be reasonably heard" about what conditions would help protect them. 18 U.S.C. § 3771(a)(4); *see also* FED. R. CRIM. P. 32(i)(4)(B).

[4] The Guidelines categories, *see* U.S.S.G. § 5D1.3, may retain significance in other contexts. There is no problem with sentencing courts' continuing to use that nomenclature. Indeed, they will need to in at least one way: the judgment form district courts use separates conditions into "mandatory," "standard," and "special" categories. ADMIN. OFFICE OF THE U.S. COURTS, AO 245B, JUDGMENT IN A CRIMINAL CASE (2019).

We reject these labels only for deciding *when* pronouncement is required, replacing them with section 3583(d)'s binary required/discretionary distinction. But, as we will explain, to satisfy the pronouncement requirement when it exists, a district court may adopt "standard conditions" listed in a general court order.

No. 18-40521

required.  18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release, . . . that the defendant make restitution . . . .").  The court thus did not need to mention it at sentencing.  But the other three—allowing access to financial information, limiting credit, and banning gambling—are not required under section 3583(d).  Because those three conditions had to be pronounced, we will examine whether the sentencing judge satisfied that requirement when he adopted the PSR's recommended conditions.

B.

1.

We first address the standard of review.  When a defendant objects for the first time on appeal, we usually review only for plain error.  *See* FED. R. CRIM P. 52(b).  This standard is "difficult" to overcome; it requires a defendant to show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

But we do not review for plain error when the defendant did not have an opportunity to object in the trial court.  *See* FED. R. CRIM. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").  That principle applies when a defendant appeals a court's failure to pronounce a condition that later appears in the judgment.  *See, e.g.*, *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *Torres-Aguilar*, 352 F.3d at 935.  In our earlier cases that refused to find forfeiture of a pronouncement challenge, the district court had not made any mention of the condition at sentencing, nor was there any indication that the PSR proposed the challenged condition.  *See Mudd*, 685 F.3d at 480; *Bigelow*, 462 F.3d at 380; *Torres-Aguilar,* 352 F.3d at 935.  Our rejection of forfeiture in those cases was

sensible because each defendant was blindsided when the condition showed up for the first time in the judgment.  But we then forgave a defendant's failure to object even when the district court informed him what conditions would appear in the judgment by orally adopting conditions the PSR recommended. *See Rivas-Estrada*, 906 F.3d at 349–50.

Our forfeiture caselaw in this area should be remoored to the opportunity to object.  That opportunity exists when the court notifies the defendant at sentencing that conditions are being imposed.  *See Rouland*, 726 F.3d at 733–34.  The district court gave the defendants that notice by telling them it was adopting the PSR's proposed conditions.  An objection at sentencing would have alerted the district court of a possible need to make a more detailed recitation of the discretionary conditions and justify them.  *See Puckett*, 556 U.S. at 134 (explaining that contemporaneous objections allow a district court to correct any errors as they arise); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020) ("A criminal defendant who wishes a court of appeals to consider a claim that a ruling of the trial court was in error must first make his objection known to the trial-court judge.").  Plain-error review applies.

2.

The defendants do not clear even the first of the four plain-error hurdles for there was no error at all.  We conclude that the district court pronounced the conditions for the same reason that plain-error review applies: the judge informed the defendants of the conditions, so they had an opportunity to object.

The pronouncement requirement is not a meaningless formality.  As discussed, it is part of the defendant's right to be present at sentencing, which in turn is based on the right to mount a defense.  It is thus satisfied when a district judge enables that defense by giving the defendant notice of the sentence and an opportunity to object.

No. 18-40521

Oral in-court adoption of a written list of proposed conditions provides the necessary notice. The PSR is the centerpiece of sentencing. *See* FED. R. CRIM. P. 32 (addressing primarily the presentence investigation and report when outlining the rules for sentencing). The Probation Office must produce it sufficiently in advance of sentencing to allow for the filing of written objections. FED. R. CRIM. P. 32(e)(2) (requiring disclosure 35 days before sentencing); *see also* 18 U.S.C. § 3552(d) (requiring disclosure at least 10 days before sentencing). And the first order of business at most sentencing hearings is to verify that the defendant reviewed the PSR with counsel. FED. R. CRIM. P. 32(i)(1)(A). If he has not, the sentencing should not proceed. *See, e.g.*, *United States. v. Reyes*, 734 F. App'x 944, 945–46 (5th Cir. 2018) (per curiam) (describing a district court's halting a sentencing when it became unclear whether the defendant had understood the PSR). When the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object. *United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016) (rejecting a pronouncement challenge to this procedure because the key concern is whether the defendant had an opportunity to object at sentencing). Indeed, defendants who receive notice of proposed conditions in their PSRs have "far more opportunity to review and consider objections to those conditions" than defendants who hear about them for the first time when the judge announces them.[5] *Id.*

---

[5] A document proposing conditions that a court orally adopts at sentencing may take a form other than the PSR. Regardless of the type of document, the court must ensure, as it does with the PSR, that the defendant had an opportunity to review it with counsel. And the mere existence of such a document is not enough for pronouncement. The court must orally adopt the written recommendations when the defendant is in court. Accordingly, the *Rouland* procedure—in which the court admitted a list of proposed conditions but never said that it was adopting those recommendations, 726 F.3d at 730—does not count as pronouncement. Indeed, *Rouland* held only that the defendant failed to show the effect on

We also continue to approve the longstanding practice in some districts of a sentencing judge's oral adoption of courtwide or judge-specific standing orders that list conditions. *See Vega*, 332 F.3d at 853 (describing a general order of standard and mandatory conditions that the Southern District of Texas adopted in 1996).[6] A standing order provides advance notice of possible conditions just as a PSR recommendation does. And the in-court adoption of those conditions is when the defendant can object.

By permitting sentencing courts to orally adopt proposed conditions, we do not minimize the liberty constraints that supervision conditions impose or the important role they play in rehabilitation and protecting the public. To the contrary, we give full force to what the Seventh Circuit has recognized: providing written recommendations that a court then adopts affords earlier notice than when a defendant hears conditions for the first time when the judge announces them. *See United States v. Lewis*, 823 F.3d 1075, 1082 (7th Cir. 2016) (observing that "[t]here were no surprises in the sentencing hearing related to supervised release" when the PSR recommended the conditions that the court adopted). The adoption procedure also results in an enhanced opportunity to object—objections to proposed conditions can even be filed before sentencing—compared to when a lawyer must rely on memory and notes

---

his substantial rights that plain-error review requires; it did not bless the procedure. *Id.* at 734.

    [6] The Southern District of Texas's standing order mentioned in *Vega* adopts the mandatory and standard conditions listed in the Administrative Office of the U.S. Courts' judgment form. *See* S. DIST. OF TEX., GENERAL ORDER NO. H-1996-10, IN THE MATTER OF CONDITIONS OF PROBATION AND SUPERVISED RELEASE (1996). That judgment form includes the thirteen standard conditions recommended by the Sentencing Guidelines. *Compare* AO 245B, *supra* note 4, *with* U.S.S.G. § 5D1.3(c).

    The Southern District of Texas updated its standing order in 2017. S. DIST. OF TEX., GENERAL ORDER NO. H-2017-01, IN THE MATTER OF CONDITIONS OF PROBATION AND SUPERVISED RELEASE (2017).

of what the judge just said in deciding whether an objection is warranted.[7]  It is not surprising, then, that the defendants are unable to point to any problems with an adoption procedure for supervision conditions in the many district courts around the country that have used it.  *See, e.g., Bloch*, 825 F.3d at 872; *United States v. Espinoza*, 636 F. App'x 416, 418 (9th Cir. 2016) (per curiam); *United States v. Allison*, 531 F. App'x 904, 904–05 (10th Cir. 2013); *United States v. Sebastian*, 612 F.3d 47, 49 (1st Cir. 2010); *United States v. Lateef*, 300 F. App'x 117, 118 (2d Cir. 2008) (per curiam).[8]

What is more, word-for-word recitation of each condition—just one can be lengthy[9]—during the emotionally charged sentencing hearing may result in a "robotic delivery" that has all the impact of the laundry list of warnings read during pharmaceutical ads.  *United States v. Cabello*, 916 F.3d 543, 544–45 (5th Cir. 2019) (Higginbotham, J., concurring).  And there is a cost, especially in our border districts where numerous defendants are often sentenced in a day, to prolonging sentencings with requirements that do not benefit the parties: less time for the sentencing court to devote to resolving disputed issues and deciding the critical questions of whether the defendant should go to prison

---

[7] When a court adopts written recommendations, there are multiple opportunities to object.  A defendant can object to the PSR in writing, can object when the court generally adopts the PSR, can object when handed a document listing the conditions at the hearing, and of course can object when the court adopts the conditions.

[8] Although a number of these cases are unpublished, our usual reluctance to rely on nonprecedential authority is not implicated.  We cite the cases to show what the district court did, not how the appellate court ruled.

[9] The following condition for sex offenders shows how detailed conditions can be:

> The defendant shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility, without prior approval of the probation officer.

*Rouland*, 726 F.3d at 730.

and, if so, for how long. *See id.* (recognizing that prolonged hearings may lead to "perverse consequences in busy districts").

Speaking of the custody question that a sentencing judge usually decides before even addressing supervised release, it is worth considering our law allowing courts to adopt parts of the PSR for key aspects of that decision. We have long allowed district courts to adopt the PSR's findings when calculating the Sentencing Guidelines range. Courts routinely adopt the PSR's Guidelines calculations without having to recite each enhancement that makes up the offense level or each conviction that receives criminal history points. FED. R. CRIM. P. 32(i)(3)(A). Even when the defendant disputes an enhancement, the district court may justify overruling the objection by adopting unrebutted factual findings in the PSR; there is no need to spell out those facts.[10] *See, e.g.*, *United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017) (following the longstanding practice of allowing a district court to adopt the factual findings in the PSR when overruling an objection). It would make little sense to prohibit incorporation-by-reference of the PSR for supervised release conditions when we allow it for the Guidelines calculation that influences the length of a defendant's prison term, the most momentous and usually most contested aspect of sentencing. *See United States v. Tulloch*, 380 F.3d 8, 13–14 (1st Cir. 2004) (per curiam) (observing that "incorporation by reference" is allowed for many aspects of sentencing when concluding that there is "no potential for abuse in allowing courts to streamline sentencing proceedings by incorporating by reference such well-known, commonly used conditions of

---

[10] Nor is a court always required to orally detail its reasons for imposing supervised release. A court's general "adoption of a PSR" supports the inference that it considered the relevant considerations in imposing supervised release. *United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013) (recognizing this principle and finding error only because the PSR that the court adopted contained an error).

supervised release").    If oral adoption is good enough for the Guidelines calculation, then it should be good enough for supervision conditions.

While holding that oral adoption of written conditions is pronouncement of those conditions, we recognize that the practice may not satisfy other requirements.    For example, we mentioned earlier the articulation requirement.  Today's opinion does not undo any of our caselaw describing what satisfies that separate obligation.  But any errors in articulation can be rectified on remand.  *See Salazar*, 743 F.3d at 451.  Our caselaw does not generally give the district court that second chance when it fails to pronounce a condition, even though conditions have salutary effects for defendants, victims, and the public.[11]  *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (explaining that a condition must be struck from the judgment when it is not pronounced); *United States v. Flores*, 664 F. App'x 395, 398 (5th Cir. 2016) (per curiam) (summarizing our law about when a discrepancy is a "conflict" that requires excising the condition from the judgment as opposed to an "ambiguity" that may allow the condition to remain).

The defendants do not assert that the district court failed to justify the conditions it imposed; they argue only that the court failed to recite those conditions at sentencing.  Because the district court adopted the conditions the PSR proposed, it pronounced the three conditions it was required to: the financial disclosure requirement and the gambling and credit restrictions.

In reaching this holding, we have clarified the law governing supervised release conditions in three respects:

1. A sentencing court must pronounce conditions that are discretionary under 18 U.S.C. § 3583(d).

---

[11] The court asked about the rationale for this stark remedy at oral argument.  Given our holding that there is no pronouncement error, this case does not afford us an opportunity to reconsider that rule.

2. When a defendant fails to raise a pronouncement objection in the district court, review is for plain error if the defendant had notice of the conditions and an opportunity to object.

3. A sentencing court pronounces supervision conditions when it orally adopts a document recommending those conditions.

The thread running through each of these rulings is notice and an opportunity to object.  Although the focus of this case was the adoption-of-the-PSR practice often used in the Eastern District of Texas, we do not mandate any particular procedure.  As long as the sentencing judge notifies the defendant of the conditions being imposed and allows an opportunity to object, there will be no conflict with a judgment that lists those conditions.

\*        \*        \*

The judgment is AFFIRMED.