# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2022

Lyle W. Cayce
Clerk

No. 21-50914
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Socorro Gonzalez-Ruiz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1737-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Jose Socorro Gonzalez-Ruiz pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. He was then sentenced within the guidelines range to 40 months of imprisonment to be followed by a three-year term of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50914

Invoking *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), Gonzalez-Ruiz contends that it violates the Constitution to apply the enhanced sentencing range in § 1326(b) based on a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. Gonzalez-Ruiz correctly concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and that he raises it only to preserve the issue for further review.

Gonzalez-Ruiz also claims that the district court failed to orally pronounce discretionary conditions of supervised release that were included in the written judgment as standard conditions. He does not challenge the mandatory conditions imposed. Conditions of supervised release must be pronounced at sentencing unless they are required by 18 U.S.C. § 3583(d). *United States v. Diggles*, 957 F.3d 551, 558–59 (5th Cir. 2020). The written judgment lists 17 standard conditions of supervised release. Gonzalez-Ruiz concedes that the district court pronounced conditions 10 and 17. However, because standard conditions 1-9 and 11-16 were discretionary and were not pronounced at sentencing, they must be excised from the written judgment. *See id.*

Gonzalez-Ruiz's sentence is VACATED in part and REMANDED to the district court to amend the written judgment in accordance with this opinion. In all other respects, the judgment is AFFIRMED.