# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2022

Lyle W. Cayce
Clerk

No. 20-10307

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEXANDER MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-297-1

Before RICHMAN, *Chief Judge*, and CLEMENT and HIGGINSON, *Circuit Judges*.

PRISCILLA RICHMAN, *Chief Judge*:

Alexander Martinez appeals the district court's imposition of fifteen conditions of supervised release in the written judgment, arguing the conditions are discretionary and conflict with those orally pronounced at sentencing. We vacate the judgment of the district court and remand so that the district court may conform the written judgment to the oral pronouncements.

No. 20-10307

# I

Alexander Martinez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance.  The district court sentenced him within the advisory guidelines range to 188 months of imprisonment and three years of supervised release.

At the sentencing hearing, the court announced that while on supervised release, Martinez would be required to "comply with the standard conditions that will be set forth in the judgment of conviction and sentence," as well as several "additional conditions" the court orally listed during the sentencing hearing.  After the court imposed the sentence, Martinez objected to "the reasonableness of the sentence."  He did not object to the imposition of the "standard conditions" of supervised release "set forth in the judgment of conviction and sentence," nor did he seek clarification or recitation of the specifics of those conditions.

The district court signed Martinez's written judgment the day of his sentencing hearing, and the judgment was entered into the record three days later.  The written judgment listed the five orally pronounced "additional conditions," as well as sixteen "standard conditions" that were not specifically orally announced at sentencing.  Martinez timely appealed, arguing that fifteen of the sixteen "standard conditions" were discretionary and should have been orally pronounced.

# II

As an initial matter, we must determine the appropriate standard of review.  "When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether he had

No. 20-10307

an opportunity to object before the district court."[1]  If he had the opportunity, we review for plain error; if he did not, we review for abuse of discretion.[2]  Martinez contends that because the court did not orally pronounce the supervision conditions that were not mandatory, we review for abuse of discretion.  The Government responds that because Martinez had notice of—and thus an opportunity to object to—the imposition of the conditions, we review for plain error.

This court's en banc decision in *United States v. Diggles*[3]—decided after Martinez was sentenced but while his case was still pending on direct appeal—altered the framework for determining whether the defendant had an opportunity to object.[4]  District courts are now required to pronounce orally any condition of supervised release that is not required to be imposed under 18 U.S.C. § 3583(d).[5]  In Martinez's case, the fifteen challenged conditions in the written judgment are not mandatory under § 3583(d).  Therefore, the district court was required to pronounce those fifteen conditions at Martinez's sentencing hearing.[6]

The opportunity to object exists—and thus a district court satisfies the pronouncement requirement—"when the court notifies the defendant at

---

[1] *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020) (citing *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc)).

[2] *Id.* (first citing *Diggles*, 957 F.3d at 559; and then citing *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018)).

[3] 957 F.3d 551 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020) (mem.).

[4] *See Grogan*, 977 F.3d at 350 (applying *United States v. Diggles* retroactively to a case placed in abeyance on direct appeal pending en banc consideration of *Diggles*).

[5] *Id.* at 559.

[6] *Id.*

sentencing that conditions are being imposed."[7] A court may do so by orally stating the condition or by reference to a list of recommended supervised release conditions from a court-wide or judge-specific standing order, or some other document.[8] However, "the mere existence of such a document is not enough for pronouncement."[9] In *Diggles*, we expressly disapproved of a procedure "in which the court admitted a list of proposed conditions but never said that it was adopting those recommendations."[10] The district court must orally adopt that list of conditions within the document when the defendant is in court and can object.[11] Then, the defendant can "alert[] the district court of a possible need to make a more detailed recitation of the discretionary conditions and justify them."[12]

At the sentencing hearing, the district court affirmatively stated that it was requiring Martinez to "comply with the standard conditions that will be set forth in the judgment of conviction and sentence." It is unclear, however, what the district court meant by "the standard conditions." We note that at the time that Martinez was sentenced in the Northern District of Texas, that court's website included a page titled "Standard Conditions of Probation or Supervised Release (AO 245B (9/19))." That webpage said "[a]s part of your probation or supervised release, you must comply with the following standard conditions of supervision." The webpage explained that "[t]hese conditions are imposed because they establish the basic

---

[7] *Id.* at 560 (citing *United States v. Rouland*, 726 F.3d 728, 733-34 (5th Cir. 2013)).

[8] *Id.* at 560-62.

[9] *Id.* at 561 n.5.

[10] *Id.* (citing *United States v. Rouland*, 726 F.3d 278, 730 (5th Cir. 2013)).

[11] *Id.* at 561 & n.5.

[12] *Id.* at 560 (citing *Puckett v. United States*, 556 U.S. 129, 134 (2009)).

expectations for your behavior while on supervision and identify the minimum tools needed by your probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition." Nine conditions of supervised release are then listed. The conditions at issue in this appeal do not track these conditions verbatim, although there is substantial overlap between what the nine conditions on the website require and what the fifteen challenged conditions set forth in Martinez's written judgment require.

Nevertheless, the district court erred in failing to clarify "the standard conditions" to which it referred at the sentencing hearing or to expressly locate, identify, and adopt by reference a specific written list of conditions. The "standard conditions" listed in the judgment are not mandatory under § 3583(d) and were "not included in the oral pronouncement . . . . It necessarily follows that [the standard conditions] must be stricken."[13]

*     *     *

For the foregoing reasons, the judgment of the district court is VACATED and this case is REMANDED for amendment of the written judgment by removing the unpronounced "standard conditions."

---

[13] *United States v. Fields*, 977 F.3d 358, 366-67 (5th Cir. 2020).