# United States Court of Appeals for the Fifth Circuit

No. 21-50866
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERBEY CARRASCO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-141-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Erbey Carrasco appeals the sentence imposed following his conviction for conspiracy to possess with intent to distribute 500 grams or more of cocaine. He objects to the imposition of the standard conditions and one mandatory condition of supervised release.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50866

Any condition of supervised release not required by 18 U.S.C. § 3583(d) must be pronounced at sentencing. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). A district court may satisfy the pronouncement requirement through reference to a list of recommended supervised release conditions from a court-wide or judge-specific standing order or some other document. *Id.* at 560-63. But the mere existence of a document proposing conditions is not enough for pronouncement. *Id.* at 561 n.5. Instead, the district court must ensure that the defendant had an opportunity to review the list of conditions with counsel and orally adopt that list when the defendant is in court and can object. *Id.* at 560-61 & n.5.

As discussed below, because Carrasco had the opportunity to object to the condition at sentencing but did not do so, review is for plain error. *See id.*; *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Establishing plain error requires a showing of a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Carrasco makes this showing, we have discretion to remedy the error but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

In this case, the presentence report (PSR) recommended a special search condition and that Carrasco be ordered to comply with "the mandatory and standard conditions of supervision adopted by the Court." The district court confirmed at sentencing that Carrasco and defense counsel had reviewed the PSR, adopted the PSR, and imposed "the standard and mandatory conditions of supervision." Under these circumstances, it was apparent to defense counsel that imposition of the standard and mandatory conditions of supervision was a reference to those conditions listed in the Western District of Texas's standing order for the conditions of probation

No. 21-50866

and supervised release. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021).

According to Carrasco, the PSR did not explicitly recommend the standard and mandatory conditions of supervision and instead stated that they "may be appropriate." Contrary to Carrasco's contention, we have not previously found a meaningful distinction between a recommendation in a PSR and a statement that certain conditions may be appropriate. Thus, he cannot show that the error, if any, is clear or obvious. *See United States v. Lucas*, 849 F.3d 638, 644 (5th Cir. 2017).

Carrasco has filed a letter brief pursuant to Federal Rule of Appellate Procedure 28(j). He contends that our recent decision in *United States v. Martinez*, 47 F.4th 364, 367 (5th Cir. 2022), establishes that the district court's reference to the mandatory and standard conditions was insufficient to orally pronounce those conditions because it was unclear whether it was a reference to the district standing order. But in the new *Martinez* decision, there was no indication that the PSR referenced the standard conditions of supervision, and the conditions imposed were not identical to the list of standard conditions on the district court's website. *See id.* at 366-67. In this case, as in our prior *Martinez* decision, it was apparent to defense counsel that the district court was referencing the conditions listed in the Western District's standing order because of both the longstanding existence of the standing order and the PSR's reference to the conditions. *See Martinez*, 15 F.4th at 1181.

There is no conflict between the oral pronouncement of sentence and the conditions of supervision included in Carrasco's written judgment. *See Diggles*, 957 F.3d at 559. The district court's judgment is AFFIRMED.