# United States Court of Appeals
# for the Fifth Circuit

No. 19-11202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN GABRIEL TREVINO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-31-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

John Gabriel Trevino pleaded guilty to the production of child pornography in violation of 18 U.S.C. § 2251(a), and he was sentenced to 235 months of imprisonment and 25 years of supervised release. He challenges his sentence on appeal.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 19-11202

First, Trevino argues that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify that Trevino and his counsel had read and discussed the addendum to the presentence report (PSR). As Trevino concedes, we review for plain error because he did not raise this issue in district court. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). Based on the record, it is reasonable to infer that Trevino had read and discussed the addendum with his counsel. *See id.* In any event, as Trevino concedes, he cannot succeed on plain error review because he cannot meet his burden of showing that the alleged error was prejudicial under binding precedent. *See id.*

Trevino also argues that the district court erred by including in the written judgment standard conditions of supervised release that were not pronounced at sentencing. Because the thirteen standard conditions of release set forth in the written judgment are not among the conditions required by 18 U.S.C. § 3583(d), the district court was required to orally pronounce them at sentencing. *See United States v. Martinez*, 47 F.4th 364, 366-67 (5th Cir. 2022). However, at the sentencing hearing, the district court merely stated that Trevino was required to comply with the standard conditions of supervised release contained in the court's judgment, but did not specify those conditions. Moreover, the PSR did not reference or recommend any conditions. Accordingly, "the district court erred in failing to clarify 'the standard conditions' to which it referred at the sentencing hearing or to expressly locate, identify, and adopt by reference a specific written list of conditions." *Id.* at 367. Because these standard conditions listed in the judgment are not mandatory under § 3583(d) and were not included in the district court's oral pronouncement, they must be stricken. *See id.* at 367-68.

No. 19-11202

We therefore VACATE the judgment in part and REMAND the case to allow the unpronounced standard conditions to be removed from the written judgment. *See id.* at 368. In all other respects, the judgment is AFFIRMED.