# United States Court of Appeals
## for the Fifth Circuit

_____

No. 21-30179
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2023

Lyle W. Cayce
Clerk

United States of America,

　　　　　　　　　　　　　　　　　　　　　　　　*Plaintiff—Appellee*,

*versus*

Blandon Richard,

　　　　　　　　　　　　　　　　　　　　　　　　*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-160-4

_____

Before Stewart, Dennis, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Blandon Richard pleaded guilty pursuant to a plea agreement to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. The district court imposed a below-guidelines sentence of ninety months of imprisonment followed by three years of supervised release. On appeal, Richard challenges the imposition of several conditions

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of supervised release that were included in the written judgment but not orally pronounced at sentencing. We VACATE and REMAND.

Prior to sentencing, the U.S. Probation Office attached to the Presentence Investigation Report (PSR) a "Notice to Parties Regarding Conditions of Supervised Release." This Notice contained recommended conditions of supervised release: four mandatory conditions prescribed by 18 U.S.C. § 3583(d) and fifteen discretionary conditions, composed of thirteen "standard" conditions and two "special" conditions. At sentencing, the district court never referenced this Notice. Instead, the district court read the substance of the first standard condition and then stated Richard was "also subject to certain conditions of supervised release." The district court stated it had "written some of those down" and asked the law clerk to read those conditions. The law clerk stated "[t]he defendant is subject to the following mandatory and special conditions" before reading the four mandatory and two special conditions listed in the Notice. After sentencing, the district court entered a written judgment containing the four mandatory conditions, thirteen standard conditions, and two special conditions contained in the Notice.

On appeal, Richard argues the written judgment conflicts with the oral pronouncement of his sentence because it includes standard conditions two through thirteen, which were neither read nor adopted by reference at the sentencing. While we usually review only for plain error when a defendant objects for the first time on appeal, "we do not review for plain error when the defendant did not have an opportunity to object in the trial court." *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). In that circumstance, we instead review for abuse of discretion. *United States v. Alexander Martinez*, 47 F.4th 364, 366 (5th Cir. 2022). In the case of conditions of supervised release, the opportunity to object exists "when the court notifies the defendant at sentencing that conditions are being

imposed." *Diggles*, 957 F.3d at 560. Even when a standing order, PSR recommendation, or other document provides advance notice of possible conditions, "the in-court adoption of those conditions is when the defendant can object." *Id.* at 561; *see also Alexander Martinez*, 47 F.4th at 366-67 (reviewing for abuse of discretion when the district court "fail[ed] to clarify 'the standard conditions'" it purported to adopt by reference); *United States v. Joshua Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021) (reviewing for plain error when the district court properly stated it was imposing the "standard conditions" contained in the PSR and standing order). Because, as we conclude below, the district court did not state it was imposing the standard conditions recommended by the Notice, we review for abuse of discretion.

Conditions of supervised release are part of a defendant's sentence and must be pronounced unless their imposition is required by 18 U.S.C. § 3583(d). *See Diggles*, 957 F.3d at 556-59. The pronouncement requirement "is part of the defendant's right to be present at sentencing, which in turn is based on the right to mount a defense" and is "satisfied when a district judge enables that defense by giving the defendant notice of the sentence and an opportunity to object." *Id.* at 560. In the event of a conflict between the oral pronouncement and a written judgment, the oral pronouncement controls, and the written judgment must be amended to conform with the oral pronouncement. *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

The district court can satisfy the pronouncement requirement by orally stating the condition or by in-court adoption of a written document that lists proposed conditions, such as a PSR, a court-wide or judge-specific standing order, or some other document. *Diggles*, 957 F.3d at 560-62. However, "the mere existence of such a document is not enough for pronouncement," and we have "expressly disapproved of a procedure 'in which the court admitted a list of proposed conditions but never said that it was adopting those recommendations.'" *Alexander Martinez*, 47 F.4th at 367

(quoting *Diggles*, 957 F.3d at 561 n.5). Instead, "[t]he district court must orally adopt that list of conditions within the document when the defendant is in court and can object." *Id.* (citing *Grogan*, 977 F.3d at 350). The district court must also "ensure, as it does with the PSR, that the defendant had an opportunity to review [the document] with counsel" before adopting the conditions listed in the document. *Diggles*, 957 F.3d at 561 n.5.

In this case, because standard conditions two through thirteen are not mandatory under § 3583(d), they are subject to the pronouncement requirement. *See Diggles*, 957 F.3d at 556-59. Because the district court did not read out standard conditions two through thirteen, in order to satisfy the pronouncement requirement, the district court would have had to adopt them by reference. We have found a district court properly adopted conditions recommended by a PSR when it specifically stated it was imposing the "conditions and instructions that have been set forth in the defendant's presentence report." *United States v. Harris*, 960 F.3d 689, 692, 696 (5th Cir. 2020). However, simultaneous reference to the PSR or other document when imposing conditions is not necessary if the court's oral sentence otherwise provides sufficient "notice" of what list of conditions is adopted. *See Joshua Martinez*, 15 F.4th at 1180. We have found a district court properly adopted conditions recommended by a PSR and laid out in a standing order when the court imposed "the standard and mandatory conditions of supervision" and had previously adopted the PSR after confirming the defendant had reviewed it. *Id.* at 1180-81; *see also United States v. Vargas*, 23 F.4th 526, 527-28 (5th Cir. 2022) (finding no error when the district court followed the same steps as in *Joshua Martinez*, but did not "orally adopt the PSR in its entirety"); *but see Alexander Martinez*, 47 F.4th at 367 (vacating the judgment when the "standard conditions" in the written judgment did not match the standard conditions listed in a standing order purportedly adopted at sentencing because "district court erred in failing to clarify 'the standard conditions' to

which it referred at the sentencing hearing or to expressly locate, identify, and adopt by reference a specific written list of conditions").

Here, the district court never mentioned the "standard conditions," much less purported to adopt them. Instead, it only read out the substance of standard condition one and then stated it was imposing mandatory and special conditions before reading those out as well. Unlike the cases discussed above, the court failed to provide "notice" it was imposing the remaining standard conditions. *Cf. Joshua Martinez*, 15 F.4th at 1180. Further, the district court did not purport to adopt the conditions in the PSR as a whole. While the court orally adopted the "findings of the presentence report" when calculating Richard's offense level and criminal history under the Sentencing Guidelines, adopting the factual findings supporting calculations of the Guidelines is distinct from adopting "th[e] list of conditions within the document." *Cf. Alexander Martinez*, 47 F.4th at 367. Even if the district court did properly adopt the conditions in the Notice, the court did not confirm Richard had the opportunity to review it with counsel, which is required to adopt by reference the conditions of supervised release listed in another document. *Diggles*, 957 F.3d at 561 n.5.

The judgment of the district court is VACATED, and this case is REMANDED for amendment of the written judgment by removing unpronounced standard conditions two through thirteen.