# United States Court of Appeals
# for the Fifth Circuit

_____

No. 20-10200
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Misael Rivera-Lopez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-243-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Defendant-Appellant Antonio Misael Rivera-Lopez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. He now appeals his sentence on two grounds.

Rivera-Lopez first contends that the district court impermissibly denied hearing testimony from his family members relating to his history and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

personal characteristics at sentencing. We review that contention for plain error because it was not preserved below. *See United States v. Suarez*, 879 F.3d 626, 635 (5th Cir. 2018). The record makes clear that the evidence in question would have been redundant. Rivera-Lopez and his wife provided the probation officer with background and character evidence, which was included in the presentence report (PSR). The value of any additional character evidence is far too speculative here to support a finding of plain error. *See United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017) ("[A defendant's] speculation does not support a finding of reversible plain error.").

Rivera-Lopez next contends that the district court's oral pronouncement of the sentence conflicts with the standard conditions of supervised release imposed in the written judgment. The standard conditions listed in the written judgment were not discussed expressly at sentencing. The court only stated that the defendant "shall comply with the standard conditions of supervised release that will be set forth in the judgment of conviction and sentence." Rivera-Lopez's written judgment included discretionary conditions of supervised release that are *not required* by 18 U.S.C. § 3583(d). Those conditions must be pronounced at sentencing, but they were not. *See United States v. Martinez*, 47 F.4th 364, 367-68 (5th Cir. 2022). The Government agrees that we should remand this case and order the unpronounced conditions stricken. *See id.*; *see also United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). The parties' position is appropriate, so we vacate that part of the judgment and remand the case with instructions that the unpronounced standard conditions of supervised release must be stricken from the written judgment. *See Martinez*, 47 F.4th at 367-68.

The district court's judgment is AFFIRMED in part and VACATED and REMANDED in part.