# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30608
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bart Green,

*Defendant—Appellant*.

——————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-60-1

——————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Bart Green pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  The district court sentenced Green within the guidelines range to 38 months of imprisonment and three years of supervised release.  On appeal, Green argues that the district court procedurally erred by failing to consider arguments raised in his downward variance motion and by basing its sentence

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on clearly erroneous facts regarding his personal and criminal history. He also challenges the substantive reasonableness of his sentence. Lastly, he contends that the written judgment conflicts with the district court's oral pronouncement at the sentencing hearing.

As to his claim of procedural error, the sentencing transcript reflects that the district court listened to Green's downward variance argument and responded by informing Green that it had looked at his background and had considered the relevant facts and circumstances. Further, the court's comments about Green's personal and criminal history were plausible in light of the record as a whole. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Lastly, the court's comment about Green's arrest history was not a central part of the court's reasoning for the sentence imposed. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc). Accordingly, the district court did not plainly err. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Regarding Green's substantive reasonableness claim, he does not show that the district court failed to consider a factor that should have received significant weight or gave significant weight to an irrelevant or improper factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As such, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Green argues the written judgment conflicts with the court's oral pronouncement at the sentencing hearing. *See United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc). As the district court did not confirm that Green reviewed the proposed supervised release conditions in the presentence report, we review for abuse of discretion because the district court did not provide Green an opportunity to object. *See United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022). The written judgment contains

No. 24-30608

14 standard conditions of supervised release and four special conditions of supervised release that are broader than those orally pronounced. Specifically, the special conditions are those pertaining to the disclosure of financial information, the prohibition of incurring debt, the participation in outpatient treatment, and the submission of a mental health evaluation. Thus, the written judgment conditions are broader and have created a conflict with the oral pronouncement. *See United States v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006).

Accordingly, the district court's judgment is AFFIRMED in part, VACATED in part, and REMANDED to the district court for the limited purpose of amending the judgment to conform with the oral pronouncement as outlined above.